UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CODY MICHAEL STEWART,

        Petitioner,                          Case No. 20-cv-12448
                                            Hon. Matthew F. Leitman

v.

WILLIS CHAPMAN,

        Respondent.
_____/

**ORDER (1) GRANTING PETITIONER'S REQUEST FOR
A STAY, (2) HOLDING THE PETITION IN ABEYANCE,
AND (3) ADMINISTRATIVELY CLOSING CASE**

Petitioner Cody Michael Stewart is a state prisoner in the custody of the

Michigan Department of Corrections. On September 7, 2020, Stewart filed a habeas

corpus petition in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)

The petition seeks relief from Stewart's Jackson County sentence for two counts of

carjacking, Mich. Comp. Laws § 750.529a, and one count of malicious destruction

of property, Mich. Comp. Laws § 750.337a(1)(a)(i). (*See id.*) Stewart insists that

the sentencing court (1) relied on inaccurate information and (2) found him guilty of

an unrelated offense in the absence of a conviction. (*See id.*, PageID.4, 7.)

On March 16, 2021, Respondent Willis Chapman filed a response to Stewart's petition. (*See* Answer, ECF No. 5.)  Chapman argued that the Court should dismiss the petition without prejudice because Stewart did not exhaust state remedies for his two claims. (*See id.*, PageID. 211, 213, 229.)  Chapman also argued that Stewart's claims failed on the merits. (*See id.*)

In a reply to that responsive pleading, Stewart conceded that he did not exhaust his state-court remedies for his two claims. (*See* Reply, ECF No. 7, PageID.580.)  He also acknowledged that he could not prevail on his second claim, and he withdrew that claim. (*See id.*)  Finally, Stewart asked the Court to hold his habeas petition in abeyance while he exhausted his remedies for that claim in the state courts. (*See id*., PageID.584.)

"[A] state prisoner seeking federal habeas relief must first 'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). However, a dismissal of a pending habeas petition while a petitioner pursues state remedies for an unexhausted claim could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and hold

2

further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court believes that such a stay is appropriate here while Stewart attempts to exhaust his unexhausted claim in state court.

Accordingly, **IT IS HEREBY ORDERED** that Stewart's request to hold his petition in abeyance while he pursues state remedies for his unexhausted first claim (ECF No. 7) is **GRANTED**. Stewart has already filed a motion for relief from judgment in the state trial court. (*See* ECF No. 7-1, PageID.590.) If Stewart is unsuccessful in state court, he must return to this Court and file a motion to reinstate and amend his habeas petition within **90 days** of fully exhausting his state court remedies. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If Stewart fails to comply with any of the conditions described in this order, the Court may dismiss his petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (concluding that the district court's dismissal of a habeas petition was appropriate because the petitioner failed to comply with the conditions of the district court's stay).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. On receipt of Stewart's motion to reinstate and amend the petition, the Court will order the Clerk to reopen this case for statistical purposes. Nothing in this Order or the related docket entry shall be construed as an

3

adjudication of Stewart's current claim. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677

(E.D. Mich. 2002) (closing a habeas case containing exhausted and unexhausted

claims to avoid administrative difficulties and stating that "[n]othing in this order or

in the related docket entry shall be considered a dismissal or disposition of this

matter").

   **IT IS SO ORDERED.**

         s/Matthew F. Leitman
         MATTHEW F. LEITMAN
         UNITED STATES DISTRICT JUDGE

Dated: April 27, 2021


   I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 27, 2021, by electronic means and/or ordinary mail.

         s/Holly A. Monda
         Case Manager
         (810) 341-9761